UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| LESLIE B. PRESLEY, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> COMMISSIONER OF SOCIAL SECURITY, ) <br> ) <br> *Defendant.* ) <br> ) | Case No. 1:11-cv-327 <br><br> Judge Mattice <br> Magistrate Judge Carter |

## **ORDER**

On September 7, 2012, United States Magistrate Judge William B. Carter filed his Report and Recommendation ("R&R") (Doc. 17) pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Magistrate Judge Carter recommended that: (1) Plaintiff's Motion for Judgment on the Pleadings (Doc. 13) be denied; (2) Defendant's Motion for Summary Judgment (Doc. 15) be granted; (3) the Commissioner's decision be affirmed; and (4) this case be dismissed. Plaintiff has objected to the Magistrate's R&R, and Defendant has responded. (Docs. 18, 19).

The Magistrate Judge's R&R is well-reasoned, and the Court will **ACCEPT** and **ADOPT** it in whole and **OVERRULE** Plaintiff's objections. However, in view of Plaintiff's objections, certain issues merit brief mention.

Plaintiff claims that her primary impairment is fibromyalgia. (*See, e.g.*, Doc. 18 at 1). As the United States Court of Appeals for the Sixth Circuit has recognized, "fibromyalgia can be a severe impairment and that, unlike medical conditions that can be confirmed by objective testing, fibromyalgia patients present no objectively alarming signs." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243-44 (6th Cir. 2007). However,

"a diagnosis of fibromyalgia does not automatically entitle [a claimant] to disability benefits." *Torres v. Comm'r of Soc. Sec.*, 490 F. App'x 748, 754 (6th Cir. 2012) (quotation and emphasis omitted). "Some people may have a severe case of fibromyalgia as to be totally disabled from working . . . but most do not and the question is whether [claimant] is one of the minority." *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 806 (6th Cir. 2008). "Fibromyalgia's causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective." *Minor v. Comm'r of Soc. Sec.*, 2013 WL 264348, at *16 (6th Cir. Jan. 24, 2013) (quotation omitted).

In this case, Plaintiff argues that, by relying on *Jones v. Sec'y of Health and Human Svcs.*, 945 F.2d 1365 (6th Cir. 1991), which cites to now-superseded Social Security Ruling (SSR) 88-13, the R&R was premised on "irrelevant and superseded law." (*See* Doc. 18 at 3-6). However, the salient portion of SSR 88-13 is functionally equivalent to that which is contained in its successor ruling, SSR 96-7p. Both rulings cite reduced joint motion, muscle spasm, sensory deficit, and motor disruption as indicia of the symptom of pain. Thus, the Magistrate Judge permissibly relied on *Jones* when he considered various medical records – which indicated that Plaintiff possessed a "full range of motion," intact sensory abilities, normal station and gait, and "could perform all activities of daily living without assistance" – and concluded that "these minimal findings do not support Plaintiff's contention that she could not perform even a limited range of sedentary work." (Doc. 17 at 16).

Additionally, and contrary to Plaintiff's assertions, Magistrate Judge Carter and the ALJ permissibly considered Plaintiff's daily activities (vis-à-vis her reported symptoms) in considering Plaintiff's credibility. *See, e.g.*, 20 C.F.R. § 404.1529(c)(3)

(noting that "factors relevant to your symptoms, such as pain, which we will consider include . . . [y]our daily activities . . . ."); *Malone v. Comm'r of Soc. Sec.*, 2012 WL 5974463, at *2 (6th Cir. Nov. 29, 2012) ("[T]he ALJ's decision shows that he properly considered the record and Malone's daily activities before making his credibility determination."). Moreover, the Magistrate Judge correctly concluded that the ALJ's determination was based on more than just an assessment of Plaintiff's minor activities: "In any event, I conclude that the ALJ did not rely solely on Plaintiff's activities in making his credibility determination but considered the record as a whole." (Doc. 17 at 23). The Court agrees with Magistrate Judge Carter's conclusion that, from the record as a whole – including but not limited to the disparity between Plaintiff's reported symptoms and her daily activities – substantial evidence exists to support the ALJ's credibility finding and, ultimately, denial of benefits.

The Court has reviewed the remainder of Plaintiff's objections, Defendant's response, and the record as a whole. After careful consideration, it concludes that Plaintiff's objections either lack merit or were adequately addressed by Magistrate Judge Carter in his R&R. Consequently, Plaintiff's objections are **OVERRULED**.

Accordingly, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Carter's findings of fact, conclusions of law, and recommendations pursuant to § 636(b)(1) and Rule 72(b). Plaintiff's Motion for Judgment on the Pleadings (Doc. 13) is **DENIED**. Defendant's Motion for Summary Judgment (Doc. 15) is **GRANTED**. The Commissioner's denial of benefits is **AFFIRMED,** and the instant action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is **DIRECTED** to close the case.

**SO ORDERED** this 26th day of February, 2013.

                                                 */s/ Harry S. Mattice, Jr.*
                                                 HARRY S. MATTICE, JR.
                                        UNITED STATES DISTRICT JUDGE